## LARRINAGA *et al. v.* TWO THOUSAND BAGS OF SUGAR.

(*Circuit Court, E. D. Louisiana.* November 16, 1889.)

ADMIRALTY JURISDICTION—SEVERING CAUSE OF ACTION.

On libel against cargo for freight and other charges, where claimants admit that the freight is due, but deny liability for the other charges, the cause of action may be severed, and judgment rendered for libelants for the freight charges, though such separation destroys the right of appeal to the supreme court of the United States, by reducing the amount in controversy below its jurisdiction.

In Admiralty. Libel for freight and expenses. On appeal from district court.

*James McConnell*, for libelants.

*O. H. Sansum*, for claimant.

PARDEE, J. The libelants brought a libel in the district court against 2,000 bags of sugar, part of the cargo to this port of the ship Emiliano, for unpaid freight and for charges on the cargo. The libel alleged a charter-party, full compliance with the stipulations thereof, and the freight, as per charter-party, was $4,906.61, and the costs for trucking across the levee, watching, etc., amounted to $947.53; that the entire cargo had been delivered, except the aforesaid 2,000 bags; and that they were ready to be delivered, but were withheld, because the consignees, while willing to pay the aforesaid freight, refused to pay the said charges. The libel demanded judgment for the said sum of $4,906.61 freight, together with the said sum of $947.53 costs and charges. The answer of claimant substantially admits the delivery of the merchandise, and that the amount of freight thereon claimed was due and unpaid; but contested the right of the libelants to hold the merchandise for the aforesaid costs and charges, which claimant denied were due and owing. Upon these pleadings in the district court the libelants moved for a decree for the amount of the freight, on the ground that it was not in contestation, and that the claimant admitted its liability to pay the same. On the hearing the court granted the motion, and gave a decree against the claimant and its surety for the amount of the freight, as being admitted by the respondents to be due on the shipment, and not in contestation; but reserving the claim set forth in the libel, and not admitted by the respondents in their answer, to be thereafter passed upon and determined by the court, and also reserving all questions as to interest and costs until there should be a decree as to the contested items of libelants. From this decree the claimant appealed to this court. The case has been heard and submitted. The only contest the claimant and appellant make in this court is that the district court had no right to sever the cause of action; that the whole amount demanded in the libel was for a sum within the appellate jurisdiction of the United States supreme court; and that such separation takes away the right of appeal.

At the request of the libelants the court finds the following facts: (1) That the allegations set forth in the libel are true, being sustained by the evidence offered so far as it relates to the claim for freight, to-wit, the sum of $4,906.61, which the pleadings on their face and the evidence offered show to be due and owing by the claimant and appellant herein to the libelants set forth in the libel. (2) That the said freight mone, to-wit, $4,906.61, is due to libelants on the said cargo of sugar received by the claimant and consignee herein, and about which there is no contest or dispute made in the pleadings, nor shown in the evidence offered. (3) The only contest herein, both in fact as shown by the evidence, and also as shown by the pleadings, is exclusively in regard to the items set forth in the libel, aggregating $947.53, as charges for mov-

ing the cargo across the wharf from along-side of the ship to *terra firma*, and for watching and caring for the same, which items are not now in contest before this court, but are still pending in the district court.

The following decree will be entered in the case: This cause came on to be heard upon the transcript of appeal and evidence, and was argued; whereupon it is ordered, adjudged, and decreed that the libelants, Felix R. de Larrinaga, Pedro de Larrinaga, Jose R. de Unitia, and Ramon de Mendozana, composing the commercial firm of Olano, Larrinaga & Co., do have and recover from the claimant, the Louisiana Sugar Refinery Company, and John S. Wallis, surety on the release bond herein, *in solido*, the sum of $4,906.61, together with the costs of this court on this appeal, and for which execution may issue after 10 days from the filing hereof.